IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| GAIL VENTO LLC, by RICHARD G. VENTO, its TAX MATTERS PARTNER,<br>                              Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>                              Respondent. | Civ. No. _____<br><br><br><br>COMPLAINT |

PETITION FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER INTERNAL REVENUE CODE SECTION 6226

COMES NOW Gail Vento LLC by Richard G. Vento its Tax Matters Partner, by and through his attorneys, and for his Petition for Readjustment of Partnership Items under Internal Revenue Code section 6226 alleges:

PRELIMINARY STATEMENT

1. Petitioner challenges proposed adjustments by the Internal Revenue Service ("IRS") of the partnership items of Gail Vento LLC (sometimes herein the "Partnership") as reported on its federal income tax return for the tax year ending December 31, 2001. The adjustments by the IRS and the IRS assertion of penalties are erroneous.

2. This is an action for readjustment of partnership items and for a refund of money held by the Secretary of the Treasury, brought pursuant to section 6226(b) of the Internal Revenue Code of 1986, as amended, as it applies in the United States, (the "Code" or "I.R.C."). At issue in this case is whether the IRS erroneously adjusted certain partnership items of Gail Vento LLC for the tax year 2001, whether the IRS erroneously

asserted that underpayments of tax resulting from the adjustments are subject to accuracy-related penalties pursuant to I.R.C. section 6662, and whether amounts deposited with the Secretary of the Treasury pursuant to I.R.C. section 6226(e)(1) should be refunded to Petitioner.

3.  The Final Partnership Administrative Adjustment for the Partnership, dated October 9, 2008 (the "FPAA"), a copy of which is attached hereto as Exhibit A, was mailed to Petitioner on October 9, 2008, and was issued by the Internal Revenue Service, Austin, Texas.

## PARTIES AND JURISDICTION

4.  The Petitioner is Richard G. Vento, an adult citizen of the United States, with legal residence at 17 Estate Frydendahl, St. Thomas, U.S. Virgin Islands 00802.

5.  Petitioner is the Tax Matters Partner of the Partnership, a Colorado limited liability company, treated as a partnership for income tax purposes, with its principal place of business at 865 Tahoe Boulevard, Suite 203, Income Village, Nevada 89451 during the tax year for which the return was filed.  The return for the tax period here at issue was filed with Internal Revenue Service, Ogden, Utah, on or about October 8, 2002.

6.  Respondent is the United States of America for the Internal Revenue Service.

7.  This action is a petition for the readjustment of partnership items as determined by the Commissioner of Internal Revenue for the tax year of 2001 of Gail Vento LLC.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1346(e) and 26 U.S.C. §6226 as made applicable by 48 U.S.C. §1612(a).

Gail Vento LLC v. United States
Petition for Readjustment of Partnership Items

8. Venue is in this district pursuant to 28 U.S.C. § 1402(a)(1), as the district of the residence of Petitioner, the Tax Matters Partner, as Partnership has no current place of business within the meaning of 26 U.S.C. § 6226(a)(2).

9. Prior to the filing of this Petition, Petitioner, in good faith, computed the amount that his federal income tax liability for the taxable year would be increased if his distributive share of the partnership items were made consistent with the treatment of those items on the partnership return as adjusted by the FPAA.  Petitioner made a deposit in the amount of $100.00 with the Secretary of the Treasury through the IRS, thus satisfying the deposit requirement of I.R.C. section 6226(e)(1) as that amount by which his federal income tax liability would be increased.  Attached as Exhibit B is a copy of the check associated with this deposit.

## FORMATION AND OPERATION OF THE PARTNERSHIP

10. Many years prior to 2001, Petitioner Richard G. Vento, in his individual capacity, co-founded a technology company, Objective Systems Integrators, Inc. (the "Corporation").

11. In the 1990's, Mr. Vento contributed stock of the Corporation to various limited liability companies formed for estate planning and investment planning purposes, including Gail Vento LLC (the "Partnership").  The Partnership was formed in 1995 and has held numerous and diverse investments since its formation, including stock in the Corporation.

12. In late 2000 and early 2001, stock in the Corporation, including stock in the Corporation held by the Partnership, was sold to Agilent Technologies, Inc.

ERRORS OF COMMISSIONER IN THE FPAA

13. The adjustments for the taxable year 2001 as determined by the Commissioner of Internal Revenue ("Commissioner") in the FPAA, are based upon the following errors:

(a) Determining that long-term capital gain is $28,123,282.00 rather than $4,495.00.

(b) Determining that the Partnership's basis in the Corporation stock is zero.

(c) Determining that the gain from the sale of shares of stock of the Corporation held by the Partnership is not entitled to exclusion under I.R.C. section 1202.

(d) Determining that the gain from the sale of the stock of the Corporation should have been reported as income from a sale by the Partnership rather than as flow-through income from VIFX LLC on the sale of such stock by VI Derivatives LLC, in that the Partnership was the owner of the stock of the Corporation.

(e) Determining that Silly Point, Ltd. was not a partner in the Partnership for any taxable year.

(f) Determining that the purchase of an economic interest in the Partnership by Silly Point, Ltd. was a sham transaction.

(g) Determining that Silly Point, Ltd. is not entitled to be treated as a partner in the Partnership for not making a capital contribution or providing consideration for its purchase of an interest in the Partnership.

(h)  Determining that Silly Point, Ltd. did not have an economic interest in the Partnership.

(i)  Determining that Silly Point, Ltd. is not "entitled" to be a partner in the Partnership because it was a "temporary partner" created and used to reduce the aggregate tax liability of the other partners and lacked a business purpose other than tax avoidance and under Treas. Reg. section 1.701-2(c)(2).

(j)  Determining that the partnership interest held by Silly Point, Ltd. was formed or availed of in connection with a "transaction having a principal purpose of which was to reduce substantially the present value" of the partners aggregate income tax liability in a manner inconsistent with the intent of Subchapter K of the Internal Revenue Code and that failed to satisfy the proper reflection of income requirement of Subchapter K.

(k)  Determining that the distributive share of Partnership income, deductions and other tax items allocated to Silly Point, Ltd. on Schedule K-1 should be disregarded and allocating such items to Gail Vento.

(l)  Determining that the Silly Point, Ltd. was not a partner in the Partnership and that the transfer of an interest in the Partnership to Silly Point, Ltd. was a sham transaction or did not occur in 2001.

(m)  Determining that additions to tax for negligence or intentional disregard of rules and regulations or substantial understatements of tax apply, all under I.R.C. section 6662.

## FACTS UPON WHICH PETITIONER RELIES

14. The facts upon which Petitioner relies as the basis of the proceeding are as follows for the tax year 2001:

    (a) The Partnership correctly reported the amount of the net long-term capital gain from the sale of the stock of the Corporation.

    (b) The stock of the Corporation was held for the requisite holding period under I.R.C. section 1202 and otherwise met the requirements of that statute for exclusion from income.

    (c) Silly Point, Ltd. was a partner in the Partnership for tax purposes for all relevant periods.

    (d) Silly Point, Ltd. made a capital contribution and otherwise provided consideration for its economic interest in the Partnership.

    (e) Silly Point, Ltd. existed as a distinct legal entity, separate from any other persons for 2001.

15. Assuming some or all of the Commissioner's adjustments are correct, there was reasonable cause for the positions on the return and the Petitioner and the Partnership acted in good faith with respect to the tax treatment of the items for which adjustments are proposed by the FPAA.

16. In filing the Partnership tax return for 2001, Petitioner and Partnership did not engage in conduct subject to the accuracy-related penalties described in I.R.C. section 6662.

17. Petitioner, by and for the Partnership, made reasonable attempts to comply with the Code and the regulations promulgated thereunder, and exercised ordinary and reasonable care in the preparation of its tax return.

18. The Partnership had substantial authority for its treatment of the items for which adjustments are proposed in the FPAA.

19. Partnership adequately disclosed its tax treatment of the items for which adjustments are proposed in the FPAA and it had a reasonable basis for its tax treatment of the items for which adjustments are proposed in the FPAA.

20. The Partnership and Petitioner, in filing the partnership's 2001 income tax return, were required, pursuant to I.R.C. section 6222(a), to treat partnership items from other partnerships in which Partnership is a partner in a manner consistent with the treatment of partnership items on such other partnership returns.

21. The Partnership and Petitioner reasonably relied in good faith on the opinions of qualified tax professionals who advised that the tax treatment of items reported by Partnership was more likely than not to be upheld if challenged by the IRS.

22. The FPAA is invalid in that the return to which the FPAA relates was filed more than three years before the date the FPAA was issued.

PRAYER FOR RELIEF

WHEREFORE, Petitioner Gail Vento LLC by Richard G. Vento its Tax Matters Partner prays for judgment against Respondent as follows:

A. That Petitioner be refunded $100.00, together with interest as allowed by law;

B. That the adjustments made by Respondent, including additions to tax and penalties, be determined to be without basis in law and fact and therefore incorrect;

C. That Petitioner is entitled to recover costs and attorney's fees; and

D. For such other, further, and different relief as the Court may deem just and proper under the circumstances.

> Respectfully submitted,
>
> Gail Vento LLC by Richard G. Vento its
> Tax Matters Partner, Petitioner

Dated: January 5, 2009.                by

/s/
Marjorie Rawls Roberts
Law Offices of Marjorie Rawls Roberts, P.C.
P.O. Box 6347
St. Thomas, U.S. Virgin Islands 00804
Tel. 340.776.7235
Fax. 340.776.7951
jorie@marjorierobertspc.com

Joseph M. Erwin
Attorney at Law
100 Crescent Court, Ste. 700
Dallas, Texas 75201
Tel. 214.969.6890
Fax. 214.969.5707
joe@erwintaxlaw.com

*Attorneys for Petitioner*