IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| GAIL VENTO, LLC, by : | CIVIL ACTION |
| RICHARD G. VENTO, its : | |
| TAX MATTERS PARTNER : | No. 3:09-cv-03 |
| : | |
| v. : | |
| : | |
| UNITED STATES OF AMERICA : | |

| | | |
|---|---|---|
| : | | |
| RENEE VENTO, LLC, by : | CIVIL ACTION |
| RICHARD G. VENTO, its : | |
| TAX MATTERS PARTNER : | No. 3:09-cv-04 |
| : | |
| v. : | |
| : | |
| UNITED STATES OF AMERICA : | |

| | | |
|---|---|---|
| : | | |
| NICOLE VENTO, LLC, by : | CIVIL ACTION |
| RICHARD G. VENTO, its : | |
| TAX MATTERS PARTNER : | No. 3:09-cv-05 |
| : | |
| v. : | |
| : | |
| UNITED STATES OF AMERICA : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                          **November 8, 2011**

   The United States moves in each of the above-captioned cases to dismiss Petitioner Richard Vento's Petition for Readjustment of Partnership Items Under Internal Revenue Code Section 6226 on the ground that this Court lacks subject matter jurisdiction because Vento failed to make a good faith monetary deposit required to bring the petition. The motions to dismiss raise the same issue and elicit virtually the same response from Vento; therefore, the three motions will be addressed

together. Because this Court finds Vento's deposits were made in good faith, the motions to dismiss are denied provided Vento timely deposits with the IRS the amounts set forth in the Government's reply briefs.

**FACTS**

On October 9, 2008, the Internal Revenue Service (IRS) issued to Gail Vento, LLC, Renee Vento, LLC, and Nicole Vento, LLC (the Partnerships) separate Notices of Final Partnership Administrative Adjustment (FPAA) for tax year 2001. The three FPAAs are virtually identical and provide for adjustments arising from the same transaction—the Partnerships' sale of stock in Objective Systems Integrators, Inc.—and due to the existence of a "sham" partner within each Partnership. The FPAAs adjust two items of income for each Partnership: "net long-term capital gain" and "other income." The adjustments may alter the Partnerships' tax liability for tax year 2001, and in turn alter the tax liability of the partners, unless successfully challenged. Vento, as the Tax Matters Partner for each Partnership, filed a petition on behalf of each Partnership, pursuant to IRC § 6226, challenging the FPAA issued to that Partnership. Prior to filing the petitions, Vento deposited with the IRS $100 for each petition to satisfy the jurisdictional prerequisite set out in IRC § 6226.

The Government moves under Federal Rule of Civil Procedure 12(b)(1) to dismiss all three petitions for lack of subject matter jurisdiction on the ground that Vento's deposits are insufficient and not made in good faith. The Government averred in its motions to dismiss that Vento's deposits should be approximately $103,000 each, but amended its calculations in its reply briefs to approximately $24,000 each. The Government further contends the petitions must be dismissed because Vento's $100 deposits demonstrate a lack of good faith, thereby precluding this Court from

allowing Vento to correct his deposits. Vento responds that the $100 deposits were sufficient, and, at the least, were made in good faith.

**DISCUSSION**

In deciding a Rule 12(b)(1) motion challenging the existence of subject matter jurisdiction in fact, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (discussing the different standards applicable in deciding facial jurisdictional challenges versus challenges of jurisdiction in fact). In so doing, "the court may consider and weigh evidence outside the pleadings." *Gould Elec. Inc. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000) (citing *Mortensen,* 549 F.2d at 891). "The plaintiff always bears the burden of convincing the court, by a preponderance of the evidence, that the court has jurisdiction." *Doe v. Goldstein's Deli*, 82 F. App'x 773, 775 (3d Cir. 2003) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Gould Elec. Inc.*, 220 F.3d at 178; *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

A partner in a partnership subject to an FPAA may petition for review of an FPAA by a district court so long as the partner filing the readjustment petition deposits with the IRS, on or before the day the petition is filed, the amount the partner's tax liability would increase if the FPAA is deemed correct. I.R.C. § 6226(e)(1), (f). The court may find the deposit requirement satisfied "where there has been a good faith attempt to satisfy such requirements and any shortfall in the amount required to be deposited is timely corrected." *Id.* § 6226(e)(1).

The sparse case law addressing the § 6226(e)(1) deposit requirements shows courts have been lenient in finding incorrectly calculated deposits were made in good faith. *See Kislev Partners, L.P. ex rel. Bahar v. United States*, 84 Fed. Cl. 385, 390 (2008); *Maarten Investerings P'ship v. United*

3

*States*, No. 98 CIV. 3839 LMM, 2000 WL 174962, at *2 (S.D.N.Y. Feb. 15, 2000). In *Kislev*, the petitioner incorrectly calculated a $2,905,046 tax liability increase as $0 because he performed the calculation only for the year for which the FPAA was issued and not the additional years for which the adjustment would increase his tax liability. 84 Fed. Cl. at 386-87 & n.2. The court found the petitioner's deposit of $9,500, which he made "out of an abundance of caution," *id.*, was made in good faith because his interpretation of the § 6226(e)(1) deposit requirement "offered a reasonable explanation for his mistaken calculation." *Id.* at 390. The court rejected the Government's argument that a deposit insufficient by nearly $2.9 million (a 99.7% shortfall) was, in itself, indicative of bad faith. *Id.* (citing *Maarten*, 2000 WL 174962, at *2).

In *Maarten*, the court found a $4,975,234 deposit for a tax liability increase of $18,414,394 was nonetheless made in good faith. 2000 WL 174962, at *2. In rejecting the Government's arguments, the court held a miscalculation that "should have been obvious to a tax professional . . . does not, in itself, constitute a lack of good faith." *Id.* It also found the petitioner's decision to decline an invitation to consult with the IRS regarding the deposit amount, even if it was a tactical maneuver, was not "indicative of a lack of good faith." *Id.*

In this case, the Government initially asserted Vento was required to deposit approximately $103,000 per partnership, but later amended that figure to approximately $24,000 per partnership.[1] The Government argues all three petitions should be dismissed for lack of subject matter jurisdiction because Vento's jurisdictional deposits of $100 are insufficient and may not be corrected because Vento failed to make the deposits in good faith. In arguing a lack of good faith, the Government

---

[1] The Government now asserts Vento is required to deposit $23,403 on behalf of Gail Vento, LLC, Def.'s Reply (09-03) Aff. 3; $24,190 on behalf of Renee Vento, LLC, Def.'s Reply (09-04) Aff. 3; and $23,491 on behalf of Nicole Vento, LLC, Def.'s Reply (09-05) Aff. 3.

emphasizes the significant difference between its proffered amounts and the $100 deposits, Vento's characterization of his deposit amounts as "token," and the fact that Vento has known since March 2009, the Government believed his deposits were insufficient.

Vento responds by explaining his steps in calculating the deposit amount for each Partnership. Vento notes the FPAA for each Partnership adjusted two items of income by (1) increasing net long-term capital gain (LTCG) by approximately $28 million, and (2) recharacterizing "other income" as a loss resulting in a decrease of approximately $24 million. Vento explains he first calculated the percentage of adjusted LTCG and "other income" that flowed through to him, and subtracted the loss in "other income" from the increase in LTCG. He then calculated the tax liability for the difference at the 2001 capital gains rate of 20%. Vento's calculation results in no tax liability because, for each Partnership, the amount of the adjusted Partnership loss flowing through to him (0.58% of roughly $24 million) is greater than the adjusted gain flowing through to him (0.49% of roughly $28 million). Thus, although Vento calculated a $0 deposit requirement, he made a $100 deposit for each of his FPAA challenges.[2]

---

[2] The Government notes Vento alternatively calculates his new tax liability as approximately $4,600 per Partnership, using the percentage of LTCG flowing through to Vento (0.58%) indicated in the FPAA rather than the percentage used in the Partnerships' original returns (0.49%). The Government argues this demonstrates the $100 deposits were not made in good faith because Vento knew they were insufficient. Vento explains, however, he used the LTCG allocation percentages from the original returns to calculate the deposits because the Government "arbitrarily changed the allocation percentage" in the FPAAs. Pet'r's Opp'n (09-03) 5; Pet'r's Opp'n (09-04) 5; Pet'r's Opp'n (09-05) 5. The Government has not explained why the percentages were changed in the FPAAs, and, in fact, used the original percentages in amending its final deposit figures. Def.'s Reply (09-03) Aff. Ex. A; Def.'s Reply (09-04) Aff. Ex. A; Def.'s Reply (09-05) Aff. Ex. A.

This Court notes, in using the original allocation percentage in calculating his deposit for Renee Vento, LLC, Vento incorrectly used 0.49% when the original percentage was actually 0.50%. Pet'r's Opp'n (09-04) Ex. B. Even at 0.50%, however, Vento's increased tax liability, according to his calculation, would remain under $100.

The Government does not attack any specific step in Vento's calculations, but simply provides affidavits from an IRS agent that include the Government's calculations and deposit amounts. The Government's calculations appear to differ from Vento's primarily in that the Government does not offset losses of "other income" against LTCG increases. Without more, and considering the Government has indicated its initial calculations and underlying allocation percentages were incorrect, it does not appear Vento's calculations lacked good faith. The Government's amended figures also belie its argument that Vento has shown bad faith by not amending his deposits despite having been informed two years ago the Government believed his deposits were insufficient. Simply maintaining the position his deposits are sufficient, in light of the fact the Government changed its underlying allocation percentages and ultimate deposit figures since raising the issue of insufficient deposits, does not demonstrate Vento's bad faith.

Furthermore, this Court agrees with the district courts previously addressing the good faith requirement of § 6226(e)(1) that an extreme difference in the deposited and correct amounts is not, in itself, indicative of bad faith. *See Kislev*, 84 Fed. Cl. at 390; *Maarten,* 2000 WL 174962, at *2. Considering Vento provided a colorable explanation of his calculations, the $100 deposits, even if incorrect, do not demonstrate a lack of good faith despite being a small fraction of the Government's proposed deposit amounts.

The Government also argues Vento, by characterizing his deposit amounts as "token," concedes he paid less than required, thus demonstrating bad faith. This argument is misguided as the "token" nature of the $100 deposits presupposes the actual amount owed is $0 and not some higher figure. *See Prestop Holdings, LLC v. United States*, 96 Fed. Cl. 244, 245 (2010) (petitioner made nominal $100 deposit where argued increased tax liability was $0); *Kislev*, 84 Fed. Cl. at 390

(upholding nominal $9,500 deposit where correct amount was $2.9 million because petitioner reasonably believed increased tax liability was $0).[3]  A token deposit by a petitioner who maintains none is required shows more good faith than bad.

      For the foregoing reasons, this Court finds Vento made the jurisdictional deposits in good faith pursuant to IRC § 6226(e)(1).  Because the appropriate deposit amounts are unclear from the limited record before the Court, and based on Vento's willingness to correct his deposits in the amounts contained in the affidavits attached to the Government's reply briefs, Vento must timely correct the deposits made with the IRS on behalf of the Partnerships in accordance with the Government's revised deposit amounts, but may reserve the right to challenge those amounts should the FPAAs be upheld.  An appropriate order follows.

      BY THE COURT:

      \s\ Juan R. Sánchez
      Juan R. Sánchez, J.

---

[3] Challenging an FPAA while simultaneously asserting it will not increase a petitioner's tax liability is appropriate under IRC § 6226 and does not indicate bad faith.  At least one court, citing case law governing related partnership adjustment challenges, held definitively that jurisdiction to hear a challenge to an FPAA lies "even where the FPAA makes no immediate adjustment in income or deductions." *Prestop*, 96 Fed. Cl. at 257 (citing *Wilmington Partners L.P. v. Comm'r of Internal Revenue*, 98 T.C.M. (CCH) 138 (2009), 2009 WL 2612305, at *3; *Harbor Cove Marina Partners P'ship v. Comm'r of Internal Revenue*, 123 T.C. 64, 78 (2004); and *Univ. Heights at Hamilton Corp. v. Comm'r of Internal Revenue*, 97 T.C. 278, 282 (1991)).